IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03111-REB-KLM

JULIE REISKIN,
JON JAMIE LEWIS,
WILLIAM JOE BEAVER,
DOUGLAS HOWEY,
COLORADO CROSS-DISABILITY COALITION, on behalf of themselves and others
similarly situated,

   Plaintiffs,

v.

REGIONAL TRANSPORTATION DISTRICT,

   Defendant.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

   This matter is before the Court on **Defendant RTD's Motion to Dismiss or, in the Alternative, for Summary Judgment** [#19][1] (the "Motion to Dismiss") and **Plaintiffs' Motion for Leave to File Amended Class Action Complaint** [#22] (the "Motion to Amend").  As an initial matter, the Motion to Amend does not comply with D.C.COLO.LCivR 15.1, which requires that a party who either amends as a matter of course or files a motion seeking leave to amend "shall attach as an exhibit a copy of the amended pleading which strikes through . . . the text to be deleted and underlines . . . the text to be added."  The Motion to Amend [#22] is subject to denial on this basis alone.  Nevertheless, in the interest

_____

[1]  "[#19]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF).  The Court uses this convention throughout this Order.

of expedience, the Court will address the merits of the Motion to Amend.

In the Motion to Amend, Plaintiffs acknowledge that

[u]nder Rule 15, Federal Rules of Civil Procedure, Plaintiffs may amend their Complaint once as a matter of course within 21 days of serving it, or 21 days after service of a responsive pleading or motion under Rule 12(b), (e), or (f), whichever is earlier.  Fed. R. Civ. P. 15(a)(1).

*Motion to Amend* [#22] at 10.  However, Plaintiffs also note that they are filing the Motion to Amend pursuant to Fed. R. Civ. P. 15(a)(2) because "[t]wenty-one days have passed since Plaintiffs served their original Complaint."  *Id.*  Plaintiffs appear to misunderstand the rule.  Fed. R. Civ. P. 15(a)(1)(B)'s "whichever is earlier" clarification relates only to the two scenarios discussed in Fed. R. Civ. P. 15(a)(1)(B).  Accordingly, Plaintiffs may amend once as a matter of course within 21 days of service of a responsive pleading or a Rule 12(b) motion.  Fed. R. Civ. P. 15(a)(1)(B); *see Abdulina v. Eberl's Temporary Servs., Inc.*, --- F.Supp.3d ---, 2015 WL 507647, at *3 (D. Colo. Feb. 3, 2015) (noting that an amended complaint filed 15 days after a motion to dismiss, but more than three months after the original complaint was filed, was properly filed pursuant to Fed. R. Civ. P. 15(a)(1)(B)); *Carson v. United States*, No. 13-cv-02962-CMA-KLM, 2014 WL 3563021, at *3 (D. Colo. July 18, 2014) (finding that "Plaintiff . . . is entitled to amend the Complaint under Rule 15(a)(1)(B)" when he filed a motion to amend 19 days after a motion to dismiss was filed); *Harper v. Receivables Performance Mgmt., LLC*, No. 12-cv-02443-PAB-KMT, 2013 WL 4510314, at *4 (D. Colo. Aug. 26, 2013) (finding that plaintiff properly amended her complaint as a matter of course by filing the amended complaint after service of a Rule 12(b) motion).  The Advisory Committee Notes relating to the 2009 amendment of Rule 15 further support the Court's reading of the rule.  The committee explained that the change

to Rule 15(a)(1)(B) "will force the pleader to consider carefully and promptly the wisdom of amending to meet the arguments in the [Rule 12] motion." Fed. R. Civ. P. 15(a)(1)(B) 2009 advisory committee's note.  The committee further explained that this change to the rule serves the interests of judicial economy:

> A responsive amendment may avoid the need to decide the [Rule 12] motion or reduce the number of issues to be decided, and will expedite determination of issues that otherwise might be raised seriatim.  It also should advance other pretrial proceedings.

*Id.*

Here, Plaintiffs filed their Motion to Amend 11 days after Defendant filed its Motion to Dismiss [#19] and Answer to Class Action Complaint and Counterclaim [#20].  Accordingly, the Court need not decide the Motion to Amend [#22] because Plaintiffs filed it and the proposed Amended Class Action Complaint [#23] within the time allowed under Fed. R. Civ. P. 15(a)(1)(B).  Accordingly,

IT IS HEREBY **ORDERED** that the Motion to Amend [#22] is **DENIED as moot**.

IT IS FURTHER **ORDERED** that Plaintiffs' Amended Class Action Complaint [#23] is deemed to be the operative complaint as of the date of this Order.

IT IS FURTHER **ORDERED** that, **on or before February 26, 2015**, Plaintiffs shall file the notice and redline required by D.C.COLO.LCivR 15.1(a).

IT IS FURTHER **ORDERED** that Defendant shall answer or otherwise respond to Plaintiffs' Amended Class Action Complaint [#23] in accordance with Fed. R. Civ. P. 15(a)(3).

IT IS FURTHER **ORDERED** that Defendants' Motion to Dismiss [#19] is **DENIED as moot**.  *See, e.g.*, *Strich v. United States*, No. 09-cv-01913-REB-KLM, 2010 WL 14826, at

*1 (D. Colo. Jan. 11, 2010) (citations omitted) ("The filing of an amended complaint moots a motion to dismiss directed at the complaint that is supplanted and superseded."); *AJB Props., Ltd. v. Zarda Bar-B-Q of Lenexa, LLC*, No. 09-2021-JWL, 2009 WL 1140185, at *1 (D. Kan. Apr. 28, 2009) (finding that amended complaint superseded original complaint and "accordingly, defendant's motion to dismiss the original complaint is denied as moot"); *Gotfredson v. Larsen LP*, 432 F. Supp. 2d 1163, 1172 (D. Colo. 2006) (noting that defendants' motions to dismiss are "technically moot because they are directed at a pleading that is no longer operative").

Dated:  February 19, 2015

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge