IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03111-REB-KLM

JULIE REISKIN,
JON JAMIE LEWIS,
WILLIAM JOE BEAVER,
DOUGLAS HOWEY,
DIANA MILNE,
TINA MCDONALD,
JOSE TORRES-VEGA,
RANDY KILBOURN,
JOHN BABCOCK, and
COLORADO CROSS-DISABILITY COALITION, on behalf of themselves and others similarly situated,

    Plaintiffs,

v.

REGIONAL TRANSPORTATION DISTRICT,

    Defendant.

_____

**MINUTE ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on **Defendant RTD's Motion for Partial Dismissal** [#39][1] (the "Motion to Dismiss"), **Defendant RTD's Motion to Stay Discovery** [#41] (the "Motion to Stay"), and **Plaintiffs' Motion for Leave to File Second Amended Class Action Complaint** [#43] (the "Motion to Amend").

    Defendant does not oppose the Motion to Amend. *RTD's Response to Plaintiffs' Motion for Leave to File Second Amended Class Action Complaint* [#45] (the "Response") at 1-2 ("RTD does not oppose allowing Plaintiff to file the Second Amended Class Action Complaint . . . , but it does oppose Plaintiffs' purported position that the proposed amendments adequately resolve the legal issues raised in" the Motion to Dismiss).  As a

---

[1] "[#39]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF).  The Court uses this convention throughout this Minute Order.

1

result, Plaintiffs may file their Second Amended Class Action Complaint pursuant to Fed. R. Civ. P. 15(a)(2) because they have "the opposing party's written consent." However, because Plaintiffs were uncertain of Defendant's position and, therefore, filed the Motion to Amend as a motion, it requires a ruling from the Court.

The Court notes that in the Response Defendant asks that the Court not deem the Motion to Dismiss moot even though there will be a new operative complaint in this case. *Response* [#45] at 5-6. In addition, Defendant states that it "needs more depositions than the seven allowed by the Scheduling Order to fully investigate Plaintiffs' contentions . . . ." *Id.* at 6. As a result, Defendant asks that if the Court grants the Motion to Amend, the Court also amend the Scheduling Order "to allow RTD to depose each Plaintiff, in addition to third-party witnesses and experts." *Id.* at 8.

With regard to Defendant's request that its Motion to Dismiss not be deemed moot by the amendment of the operative complaint, generally when a complaint is amended, the Court will deny any pending dispositive motion as moot because the dispositive motion is directed at a complaint that is no longer operative. *See, e.g.*, *Strich v. United States*, No. 09-cv-01913-REB-KLM, 2010 WL 14826, at *1 (D. Colo. Jan. 11, 2010) (citations omitted) ("The filing of an amended complaint moots a motion to dismiss directed at the complaint that is supplanted and superseded."); *AJB Props., Ltd. v. Zarda Bar-B-Q of Lenexa, LLC*, No. 09-2021-JWL, 2009 WL 1140185, at *1 (D. Kan. Apr. 28, 2009) (finding that amended complaint superseded original complaint and "accordingly, defendant's motion to dismiss the original complaint is denied as moot"); *Gotfredson v. Larsen LP*, 432 F. Supp. 2d 1163, 1172 (D. Colo. 2006) (noting that defendants' motions to dismiss are "technically moot because they are directed at a pleading that is no longer operative"). In certain circumstances, the Court will either revive the dispositive motion after a party files a motion seeking that relief or rule on the merits of the motion. In this case, because the Second Amended Class Action Complaint adds four Plaintiffs, adds new factual allegations regarding both existing and new Plaintiffs, and results in the addition of almost 100 paragraphs, it makes sense for the Court to deny the pending Motion to Dismiss [#39] as moot so that Defendant can file a new motion to dismiss that cites to the correct paragraphs in the operative complaint and so that Defendant has the opportunity to address the new factual allegations if it wishes to do so.

To the extent the Response requests that the Scheduling Order be amended, that request is not properly before the Court. Pursuant to D.C.COLO.LCivR 7.1(d), "[a] motion shall not be included in a response or reply to the original motion." If Defendant would like to file a motion requesting that the Scheduling Order be amended, it must do so by filing a motion requesting that relief. *See* Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion.").

Finally, the Motion to Stay requests a stay of discovery "until such time as the Court issues an order concerning" the Motion to Dismiss. *Motion to Stay* [#41] at 1. Therefore, denial of the Motion to Dismiss as moot also moots the Motion to Stay. Accordingly,

2

IT IS HEREBY **ORDERED** that, to the extent it requires a ruling, the Motion to Amend [#43] is **GRANTED** and Plaintiffs' Second Amended Class Action Complaint [#43-2] is accepted for filing as of the date of this Minute Order.

IT IS FURTHER **ORDERED** that Defendant shall respond to the Second Amended Class Action Complaint in accordance with Fed. R. Civ. P. 15(a)(3).

IT IS FURTHER **ORDERED** that the Motion to Dismiss [#39] is **DENIED as moot**.

IT IS FURTHER **ORDERED** that the Motion to Stay [#41] is **DENIED as moot**.

Dated:  May 21, 2015