IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03111-REB-KLM

JULIE REISKIN,
JON JAMIE LEWIS,
WILLIAM JOE BEAVER,
DOUGLAS HOWEY,
DIANA MILNE,
TINA MCDONALD,
JOSE TORRES-VEGA,
RANDY KILBOURN,
JOHN BABCOCK,
KIMBERLEY JACKSON,
PAULINA BLACK,
RUTHIE MCNAIR,
VRLINA NOZLIC, and
COLORADO CROSS-DISABILITY COALITION, on behalf of themselves and others similarly situated,

    Plaintiffs,

v.

REGIONAL TRANSPORTATION DISTRICT,

    Defendant.
_____

## MINUTE ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on **Plaintiffs' Motion for Leave to File Third Amended Class Action Complaint** [#58][1] (the "Motion to Amend Complaint") and **Unopposed Defendant RTD's Motion to Amend the Scheduling Order [ECF No. 37]** [#59] (the "Motion to Amend Scheduling Order").

    In the Motion to Amend Complaint, Plaintiffs state that their counsel began

---

[1] "[#58]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). The Court uses this convention throughout this Minute Order.

conferring with Defendant's counsel regarding the requested relief and the proposed Third Amended Complaint, but those discussions were never completed and that, as a result, "Plaintiffs assume Defendant opposes this Motion." *Motion to Amend Complaint* [#58] at 2. According to the Motion to Amend Complaint, Defendant did not oppose the proposed amendments, but its agreement was contingent on Plaintiffs' agreement to a discovery proposal. *Id.* The Motion to Amend Complaint states that "[u]ndersigned counsel sent a response to that proposal this morning. No further response from Defendant's counsel has been received." *Id.* While Plaintiffs may conclude that the Motion to Amend Complaint is therefore opposed, that may not be true. If Defendant would not oppose the requested relief even with a contingency, it is possible that Defendant would not oppose the requested relief without a contingency because to oppose the Motion to Amend Complaint would require Defendant to expend resources briefing the issue that Defendant may not be willing to expend.

Pursuant to Local Rule 7.1(a), the Court will not consider a nondispositive motion unless the movant, prior to filing, has conferred or made reasonable, good-faith efforts to confer with opposing counsel to resolve the dispute. To confer means to "discuss, talk over, consult about," or "to hold conference." *See Oxford English Dictionary* (2d ed. 1989). Accordingly, the language of Local Rule 7.1A suggests that parties confer by "hold[ing] a conference, possibly through the exchange of correspondence but preferably through person-to-person telephone calls or face-to-face meetings, and [by] compar[ing] views and attempt[ing] to reach an agreement, including by compromise if appropriate." *Hoelzel v. First Select Corp.*, 214 F.R.D. 634, 636 (D. Colo. 2003). If both parties have not discussed and compared views in an attempt to reach an agreement, the movant must at least make reasonable, good-faith efforts to do so. The Court judges the reasonableness of movant's good-faith efforts by considering not only the sheer quantity of contacts, but also their quality in relation to the issues in dispute. *Cotracom Commodity Trading Co. v. Seaboard Corp.,* 189 F.R.D. 456, 459 (D. Kan. 1999) (holding that four telephone calls and two letters did not satisfy the duty to make a reasonable, good-faith effort to confer regarding contested discovery issues). Here, the Court finds that Local Rule 7.1(a)'s requirements are not met because Plaintiffs essentially stopped conferring in the middle of the conferral process and filed the Motion to Amend Complaint without determining whether it was opposed. As a result, the Court will deny the Motion to Amend Complaint without prejudice. Plaintiffs may re-file the Motion to Amend Complaint after they determine if it is opposed.

The Motion to Amend Scheduling Order is unopposed. *Motion to Amend Sched. Order* [#59] at 1.

For the reasons stated above,

IT IS HEREBY **ORDERED** that the Motion to Amend Complaint [#58] is **DENIED without prejudice**.

IT IS FURTHER **ORDERED** that the Motion to Amend Scheduling Order [#59] is

**GRANTED**.  Accordingly,

IT IS FURTHER **ORDERED** that sections 8(a) and 8(b) of the Scheduling Order [#37] are amended to allow Defendant to depose: (a) each individual named Plaintiff for up to three hours, regardless of how many times Plaintiffs amend their complaint or add new plaintiffs; (b) Plaintiff Colorado Cross Disability Coalition pursuant to Fed. R. Civ. P. 30(b)(6) for up to seven hours; and (c) each expert witness designated by Plaintiffs for up to seven hours each.

IT IS FURTHER **ORDERED** that sections 8(a) and 8(b) of the Scheduling Order [#37] are amended to allow Plaintiffs to depose: (a) no more than seventeen fact witnesses for no more than three hours each; (b) Defendant pursuant to Fed. R. Civ. P. 30(b)(6) for up to seven hours; and (c) each expert witness designated by Defendant for up to seven hours each.

Dated:  June 18, 2015