IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03111-REB-KLM

JULIE REISKIN,
JON JAMIE LEWIS,
WILLIAM JOE BEAVER,
DOUGLAS HOWEY,
DIANA MILNE,
TINA MCDONALD,
JOSE TORRES-VEGA,
RANDY KILBOURN,
JOHN BABCOCK,
KIMBERLEY JACKSON,
PAULINA BLACK,
RUTHIE MCNAIR,
VRLINA NOZLIC,
CHRIS QUINLAN,
CHERYL QUINLAN,
ELAINE CULPEPPER.
BIANCA GAMEL,
KEVIN GRIMSINGER, and
COLORADO CROSS-DISABILITY COALITION, on behalf of themselves and others
similarly situated,

　　　Plaintiffs,

v.

REGIONAL TRANSPORTATION DISTRICT,

　　　Defendant.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

　　　This matter is before the Court on the parties' **Stipulated Motion to Stay Discovery**

**and Extend Discovery Deadlines for Sixty (60) Days, With Request for Expedited**

Ruling [#98][1] (the "Motion").  In the Motion, the parties ask that discovery be stayed for sixty days to allow them to engage in private mediation and that all pending deadlines be extended by sixty days.  *See generally Motion* [#98].  In the Motion, the parties list all pending deadlines of which they seek extension, discuss the relevant case law, and request an expedited ruling on the Motion because of upcoming deadlines in the case.  *Id.* The parties also note that class certification deadline has not yet been set in this case and propose that the Court set May 25, 2016 as the deadline for Plaintiffs to file a motion for class certification.  *Id.* at 5.

## I.  Analysis

### A.    Stay of Discovery

Although a stay of proceedings in a case is generally disfavored, the Court has discretion to enter a stay.  *Compare Wason Ranch Corp. v. Hecla Mining Co.*, No. 07-cv-00267-EWN-MEH, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007) ("A stay of all discovery is generally disfavored in this District." (citation omitted)); *with Ellis v. J.R.'s Country Stores, Inc.*, No. 12-cv-01916-CMA-KLM, 2012 WL 6153513, at *1 (D. Colo. Dec. 11, 2012) (granting stay of proceedings).  The "[C]ourt has inherent power to stay proceedings 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Ellis*, 2012 WL 6153513, at *1 (quoting *Landis,* 299 U.S. at 254 (observing that docket management "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance")); *Vivid*

---

[1]  "[#98]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF).  I use this convention throughout this Order.

*Techs., Inc. v. Am. Sci. & Eng'g, Inc.,* 200 F.3d 795, 804 (Fed. Cir.1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.,* 201 F.R.D. 1, 2 (D.D.C.2001) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." (internal quotation marks and citation omitted)); *see also String Cheese Incident, LLC v. Stylus Shows, Inc.,* No. 05-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (finding that a thirty day stay of discovery was appropriate when a motion to dismiss for lack of personal jurisdiction was pending); *Nankivil v. Lockheed Martin Corp.,* 216 F.R.D. 689, 692 (M.D. Fla. 2003) (finding that a stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action."); 8 Charles Alan Wright, et al., *Federal Practice and Procedure* § 2040, at 521-22 (2d ed. 1994) ("[W]hen one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided."); *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.,* 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."); *Gilbert v. Ferry*, 401 F.3d 411, 415-16 (6th Cir. 2005) (finding that staying discovery is not an abuse of discretion when a defendant has filed a motion to dismiss challenging the court's subject matter jurisdiction); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.,* 201 F.R.D. 1, 2 (D.D.C. 2005) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." (internal quotation omitted)).

When exercising its discretion to enter a stay, the Court considers the following factors: (1) the interest of the plaintiff in proceeding expeditiously and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendant; (3) the convenience to the Court; (4) the interests of nonparties; and (5) the public interest. *String Cheese Incident, LLC,* 2006 WL 894955, at *2 (citing *FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987)).

In this case, the parties state in the Motion that a stay will not prejudice them. *Motion* [#98] at 7.  Therefore, the Court finds that the first and second *String Cheese Incident* factors weigh in favor of staying discovery.  With regard to the third factor, it is certainly more convenient for the Court to enter a short stay of discovery until it is clear whether the parties wish to proceed with this litigation.  The Court therefore finds that the third *String Cheese Incident* factor weighs in favor of a stay.  With regard to the fourth factor, there are no nonparties with significant particularized interests in this case. Accordingly, the fourth *String Cheese Incident* factor neither weighs in favor of nor against a stay.  With regard to the fifth and final factor, the Court finds that the public's only interest in this case is a general interest in its efficient and just resolution.  Avoiding wasteful efforts by the Court and litigants serves this interest.  Thus, the fifth *String Cheese Incident* factor weighs in favor of a stay.

Considering these factors, the Court finds that the proposed sixty-day stay of discovery is appropriate in this case.

## B.      Amendment of the Scheduling Order and Other Case Deadlines

Pursuant to Fed. R. Civ. P. 6, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . ."  Further, a Scheduling Order

"may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  In this case, the Court finds that the parties' two-day mediation scheduled with Ms. Adrienne Fechter establishes good cause for extension of the deadlines set out in the Motion.  As the parties note, they are requesting a short extension of the deadlines and seek "only to conserve the Parties' and this Court's time and resources" while also "preserv[ing] each Party's rights should this case ultimately need to move forward towards trial."  *Motion* [#98] at 6.

## II.  Conclusion

For the reasons stated above,

IT IS HEREBY **ORDERED** that the Motion [#98] is **GRANTED**.  Discovery in this case is **STAYED** through **January 8, 2016**.

IT IS FURTHER **ORDERED** that the deadlines listed below are extended as indicated:

| | |
|---|---|
| • Affirmative Expert Witness Disclosure Deadline | **January 25, 2016** |
| • Deadline to Serve Interrogatories | **February 23, 2016** |
| • Deadline to Serve Requests for Production of Documents and Requests for Admissions | **February 23, 2016** |
| • Rebuttal Expert Witness Disclosures Deadline | **February 24, 2016** |
| • Fed. R. Evid. 702, 703, 704 Motions Deadline | **March 22, 2016** |
| • Discovery Cut-Off | **March 25, 2016** |
| • Amendments and Signature for Deposition Transcripts | **January 22, 2016** |
| • Reply in Support of Motion for Summary Judgment | **January 21, 2016** |

- Responses to Discovery Requests:
  a. Plaintiffs' Fifth Set of Written Discovery **January 7, 2016**
  b. Plaintiffs' Sixth Set of Written Discovery **January 18, 2016**
  c. Plaintiffs' Seventh Set of Written Discovery **January 25, 2016**
  d. Defendant's Third Set of Written Discovery **February 1, 2016**

IT IS FURTHER **ORDERED** that the Deadline for Plaintiffs to file a motion for class

certification is **May 25, 2016**.

Dated:  November 12, 2015                    BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge

6